UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA TROUTEN,

        Plaintiff,

v.

UNITED PROPERTY GROUP – DG1, LLC,

        Defendant.
_____/

Case No. 2:24-cv-11575

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE (ECF No. 16); SETTING SHOW CAUSE HEARING; DIRECTING SUBPOENAED NONPARTY DOLGENCORP, LLC TO ATTEND SHOW CAUSE HEARING; STAYING PLAINTIFF'S DEADLINE TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND STAYING SCHEDULING ORDER**

In this premises liability case, Plaintiff Donna Trouten alleges she was injured in March 2023 by an "unreasonably dangerous defect" in the parking lot of 7741 W. US-12 in Onsted, Michigan, which is owned by Defendant United Property Group – DG1, LLC. ECF No. 1-1 at PageID.15. Defendant claims that although it owns the property, it is not liable because it did not possess or control the property when Plaintiff was injured. ECF Nos. 3 at PageID.42; 16 at PageID.270; *see also Merritt v. Nickelson*, 287 N.W.2d 178, 180 (Mich. 1980). Defendant further alleges that the property had been leased to Dolgencorp LLC at the time of the incident, and the

lease transferred to Dolgencorp all responsibility for maintaining and repairing the property, including the parking lot. ECF Nos. 12 at PageID.84; 12-2.

In response to this argument, Plaintiff "issued a subpoena of records to Dolgencorp, LLC, which was properly served on September 23, 2024." ECF No. 16 at PageID.270; *see also* ECF Nos. 16-1; 16-2. Now, more than five months later, Dolgencorp has still not responded to Plaintiff's subpoena. ECF No. 16. Thus, Plaintiff seeks an order "compelling a representative of Dolgencorp, LLC to appear before this Court to explain why they should not be held in contempt of court for their failure to" respond to Plaintiff's subpoena. *Id.* at PageID.271.

Under Civil Rule 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." While the power to hold an individual in contempt "should not be used lightly, the Supreme Court has stated that this power 'is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.'" *Elec. Workers Pension Tr. Fund of Loc. Union # 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911)). Here, the records Plaintiff seeks to obtain from Dolgencorp may be relevant to determining the proper defendant in this case. But before holding Dolgencorp in contempt of court, this Court will issue a show-

cause order directing a Dolgencorp representative to appear and explain Dolgencorp's failure.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Order to Show Cause, ECF No. 16, is **GRANTED** as follows:

1. It is **ORDERED** that Subpoenaed Nonparty Dolgencorp is **DIRECTED** to appear at a show cause hearing before United States District Court Judge Susan K. DeClercq, Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Courtroom 219, Detroit, Michigan 48226 on **March 12, 2025 at 2:00 P.M.** to show cause why Dolgencorp should not be held in civil contempt for failing to comply with Plaintiff's subpoena;

2. It is **ORDERED** that Subpoenaed Nonparty Dolgencorp is **NOTICED** that failure to appear and show cause as directed by this Order may result in a finding of civil contempt;

3. It is **ORDERED** that Plaintiff is **DIRECTED** to serve Dolgencorp with a copy of this Order by first class mail, first class mail return receipt requested, overnight delivery and any known email addresses. Plaintiff must file a proof of such service with this Court **on or before February 17, 2025**.

Further, it is **ORDERED** that all current deadlines in the above-captioned case—including the deadline for Plaintiff to respond to Defendant's Motion for Summary Judgment, ECF No. 15, and the Scheduling Order, ECF No. 7—are **STAYED** until further order of this Court.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:   February 13, 2025