UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA TROUTEN,

       Plaintiff,   Case No. 2:24-cv-11575

v.   Honorable Susan K. DeClercq
    United States District Judge
UNITED PROPERTY GROUP –
DG1, LLC,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15)**

In March 2023, Donna Trouten tripped and fell over a hole in the parking lot of the Dollar General store where she worked, seriously injuring her foot. Rather than suing Dollar General, she instead sued the lot's landowner, United Property Group – DG1, LLC ("United"), for premises liability. However, Trouten fails to offer record evidence suggesting that United possessed or controlled the property at the time she was injured. Accordingly, United's motion for summary judgment will be granted.

**I. BACKGROUND**

Since 2016, Dolgencorp LLC has leased a commercial property located at 7741 W. US-12 in Onsted, Michigan for the purpose of operating a Dollar General Store. ECF No. 15-2 at PageID.203. In 2018, United bought the property and

"assumed all rights and duties of the Landlord under the lease." *Id.* at PageID.266. The lease explicitly provides for Dolgencorp's exclusive use of the land, building, and parking areas of the property. ECF No. 15-2 at PageID.204. Further, the lease states that Dolgencorp is solely responsible for all maintenance and repairs of the property. *Id.* at PageID.216.

As early as May 2022, a large hole appeared in the parking lot of the property. *See* ECF No. 18-1 at PageID.386–87. According to Dollar General records, employees complained to Dollar General management about the hole for more than a year. *Id.* at 376, 386–87. In March 2023, Trouten tripped and fell because of the hole, sustaining right foot tendon tears and other injuries. ECF No. 1-1 at PageID.16.

In May 2024, Trouten sued United in state court, and United removed the case to federal court shortly after. ECF No. 1. Trouten alleges that United was negligent under a premises-liability theory. *Id.* But United asserts that, under the lease terms, it did not have possession and control of the property, so it may not be held liable for Trouten's injury. ECF No. 2 at PageID.34.

Accordingly, United moved for summary judgment before the close of discovery, arguing it did not owe Trouten a duty of care. ECF No. 15. Trouten responded that summary judgment was premature, because ongoing discovery could yield information "germane to possession and control." ECF No. 18. Alternatively,

Trouten argued that there is a genuine dispute of fact as to whether United could be held jointly liable. *Id.*

This Court held a hearing on the motion on June 3, 2025. At that hearing, the Court asked Trouten what type of evidence, if any, could overcome the clear language of the lease contract. Rather than pointing to any existing or hypothetical evidence that would suggest United exercised any possession or control of the lot, Trouten insisted that under the *contract*, United maintained its duty to keep the premises safe.

## II. STANDARD OF REVIEW

To prevail on summary judgment, movants must identify record evidence showing that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(a). If the movant does so, then the burden shifts to the nonmovant to identify specific facts that create "a genuine issue for trial," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted), which requires more than a mere "scintilla of evidence," *id.* at 251, and more than "metaphysical doubt," *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. All inferences

must be reasonable, logical, and drawn in the nonmovant's favor to determine whether any party must prevail as a matter of law. *See id.* at 251–52.

## III. ANALYSIS

Trouten brings her negligence claim under a theory of premises liability. Under Michigan law, "[a]ll negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v. F & E Oil, Inc.*, 1 N.W.3d 44, 51 (Mich. 2023). As to the first element, a landowner generally "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable harm caused by a dangerous condition on the land." *Buhalis v. Trinity Continuing Care Servs.*, 822 N.W.2d 254, 258 (Mich. Ct. App. 2012), *overruled on other grounds by Kandil-Elsayed*, 1 N.W.3d 44. In premises-liability actions relying on this general duty, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id.* (citing *Laier v. Kitchen*, 702 N.W.2d 199, 208 (Mich. Ct. App. 2005)).

Here, it is undisputed that United owns the property where Trouten was injured. ECF No. 15 at PageID.187. Trouten also alleges—and it appears that United does not dispute—that she was an invitee upon the premises. ECF Nos. 1-1 at PageID.15; 18 at PageID.301. The Parties further agree for the purposes of this motion that there was a dangerous condition on the land, which caused Trouten's injury. *Id.* at PageID.16; ECF No. 15 at PageID.187. So, the crux of the remaining

dispute is whether United, by owning the premises in question, owed a duty to Trouten to protect invitees from dangerous conditions on the land, where the premises were leased to a third party.

### A. Possession and Control

In Michigan, ownership of land alone is not dispositive to create a duty to protect invitees from dangerous conditions. *Merritt v. Nickelson*, 287 N.W.2d 178, 181 (Mich. 1980). Rather, to be liable, an owner must have a possessory interest in the property at the time of the injury. *Id.* This is because the possessor "is in a position of control, and normally best able to prevent any harm to others." *Id.* (quoting WILLIAM L. PROSSER, HANDBOOK OF THE LAW OF TORTS § 57, at 351 (4th ed. 1971)). The "possessor" can take several forms:

> (a) a person who is in occupation of the land with intent to control it[,]
>
> (b) a person who has been in occupation of land with intent to control it, if no other person has subsequently occupied it with intent to control it, or
>
> (c) a person who is entitled to immediate occupation of the land, if no other person is in possession under Clauses (a) and (b).

*Id.* (citing RESTATEMENT (SECOND) OF TORTS §§ 333–350 (A.L.I. 1965)).

Alternatively, by loaning possession and control to another, the owner of a premises may "confer[] the duty to make the premises safe while simultaneously absolving oneself of responsibility." *Id.* (citing *Quinlivan v. Great Atl. & Pac. Tea*

*Co.*, 235 N.W.2d 732, 744 (Mich. 1975)). That is, an owner cannot be held liable for a condition of their property when the terms of the lease make the *tenant* responsible for maintaining the premises. *See id.*

Here, the lease between United and Dolgencorp includes such a term, making Dolgencorp, not United, liable. First, the lease explicitly states that the premises includes the parking area where Trouten was injured. ECF No. 18-1 at PageID.311. Second, the lease provides that Dolgencorp is solely responsible for regular maintenance:

> Tenant shall, at all times during the term of this Lease, and at its own cost and expense, keep and maintain or cause to be kept or maintained in good repair and condition the Demised Premises and all buildings and improvements at any time erected thereon. Unless expressly provided herein, Landlord shall not be required to furnish any maintenance, services or facilities or to make any improvements, repairs or alterations in or to the Demised Premises during the term of this Lease.

*Id.* at PageID.323. These two terms, taken together, suggest that United was not a possessor of the parking lot because United contractually conferred the duty to maintain the entire premises to Dolgencorp. *Id.* Further, nothing in the contract's terms—nor any extrinsic evidence, real or hypothetical, provided to the Court—suggests that United occupied the premises with intent to control, especially given that *Dolgencorp* occupied the land at the time. *See Merritt*, 287 N.W.2d at 181. Therefore, the lease between United and Dolgencorp not only absolved United of

any duty to maintain the premises, but also conferred possession and control to Dolgencorp. Accordingly, United cannot be held liable for Trouten's injury.

### B. Joint Liability

Nonetheless, Trouten insists that *both* United and Dolgencorp possessed the property, meaning that United still may be held liable. This is because under some circumstances, when the transfer of property rights under an agreement is not absolute, Michigan courts recognize *joint* liability for both landlord and tenant. *See, e.g.*, *Siegel v. Detroit City Ice & Fuel Co.*, 36 N.W.2d 719 (Mich. 1949). In *Seigel*, the Michigan Supreme Court found that both the landlord and tenant of a commercial property could be held jointly liable, even when the lease required the tenant to maintain the premises in good repair. *Id.* at 723. Trouten argues that *Siegel* is analogous to her case. ECF No. 18 at PageID.302. The Court disagrees.

To be sure, *Seigel* likewise involved a landlord and tenant, but that is the extent of its similarity to this case. In *Seigel*, the landlord owned multiple buildings on a lot. It leased portions of its property to another company while maintaining other portions of the lot for its own business. *Id.* at 721. Critically, the lease granted the landlord access to a driveway on the tenant's portion for the purpose of ingress and egress. *Id.* And in practice, the landlord company, its customers, the tenant company, and the tenant's customers all regularly used that driveway to access the respective businesses on the lot. *Id.* When the plaintiff fell into a hole on that driveway and

sued the landlord, the court found that both landlord and tenant could be liable, because both had control and possession over this common passageway. *Id.* at 723.

Such shared control and use do not exist in this case. Unlike the landlord in *Siegel*, United did not maintain any portion of the land for its own use or business, nor did the lease provide for shared use of the parking lot where the injury occurred. *See generally* ECF No. 15-2. Rather, Dolgencorp had exclusive use of the entire property. *Id.* So *Siegel* is easily distinguishable.

Trouten resists this conclusion. She responds that because the lease allows United to enter and inspect the premises, United retained control and possession of the land. ECF No. 18 at PageID.303. But despite Trouten's characterization, there is no reason to believe that such a lease term is enough for United to retain possession and control, mostly because it does not convey the "nearly unrestricted access" that Trouten alleges and certainly does not rise to the level of the easement in *Siegel*. *Id.* Rather, the lease term *does* restrict when and why United may enter the land: "Landlord has the right to enter the Demised Premises periodically, *at any reasonable time during business hours* and *upon reasonable advance notice to Tenant*, *to inspect the condition of the Demised premises*." ECF No. 18-1 at PageID.323 (emphasis added). Further, Trouten fails to cite any caselaw in support of her position that this lease term—with all its restrictions—allows a landlord to retain possession and control. *See generally* ECF No. 18. As such, this lease term

does not, on its own, create a genuine issue of material fact as to United's possession or control.

### C. Additional Discovery

Considering the facts known to the Court at this time, United did not owe Trouten any duty. But Trouten argues that summary judgment is nonetheless premature because fact discovery is still ongoing. ECF No. 18 at PageID.300. She insists that discovery thus far has yielded "information potentially germane to possession and control," so further discovery could indicate that United may be held liable. *Id.* But crucially, she does not identify what evidence, if any, could create a material fact question as to possession and control. Nor does the evidence that has been discovered support her theory of United's liability. And at the June hearing, Trouten argued that the question that would prevent summary judgment under her theory of the case was, what is the meaning of the "enter and inspect" clause of the contract? Such a question though, which is an issue of contract interpretation, , is one of law, not fact. *Klapp v. United Ins. Grp. Agency, Inc.*, 663 N.W.2d 447 (Mich. 2003).

Trouten has failed to demonstrate that a genuine question of material fact exists as to liability and has not identified any evidence she could plausibly discover that would create such a question. Therefore, summary judgment will be granted.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 15, is **GRANTED.**

Further, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  June 5, 2025